1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC S. HOWELL; GENEVIEVE F.                No.  2:18-cv-3113 TLN DB PS
      HOWELL,
12

13                      Plaintiffs,              ORDER

14            v.

15    PNC BANK; AND, DOES 1 THROUGH 5
      INCLUSIVE,
16

17                      Defendants.

18

19           Plaintiffs are proceeding in this action pro se.  This matter was, therefore, referred to the

20    undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On February

21    11, 2019, the undersigned took under submission defendant's motion to dismiss.  (ECF No. 11.)

22    For the reasons stated above, defendant's motion to dismiss will be granted and plaintiffs will be

23    granted leave to file an amended complaint.

24                                      **BACKGROUND**

25           Plaintiffs, proceeding pro se, commenced this action on September 12, 2018, by filing a

26    complaint in the Sacramento County Superior Court.  (ECF No. 1 at 6.)  Therein, plaintiffs allege

27    that plaintiffs secured a "Second Deed of Trust" and "SUBJECT LOAN" in the amount of

28    ////

                                            1

1    $42,000, related to plaintiffs' primary residence on July 24, 2007.  (Id. at 8.[1])  Plaintiffs' "last

2    payment" to defendant on the Subject Loan "was in 2010."  (Id. at 9.)  On August 2, 2018,

3    plaintiffs were informed that the Subject Loan "had been charged off and that PNC could not

4    legally collect on the Subject Loan[.]"  (Id.)

5            The Subject Loan, however, remained as a "lien on the property."  (Id. at 10.)  Plaintiffs

6    made numerous calls to defendant's employees to discuss resolution, restructuring, and/or

7    settlement of the Subject Loan.  (Id. at 9-10.)  Three weeks later, "Plaintiffs received a document

8    from PNC providing repayment options along with a threat that . . . PNC reserved the right to

9    foreclose on the Subject Property."  (Id. at 10.)  "Since being informed that the Subject Loan has

10   been discharged, Plaintiffs have not bee able to get any information regarding who Plaintiffs

11   should speak to regarding resolving the lien which still remains on the Subject Property."  (Id. at

12   11.)

13           Based on these allegations, the complaint asserts various state law causes of action.  (Id. at

14   6.)  On November 30, 2018, defendant removed the matter to this court based on the court's

15   diversity jurisdiction.  (Id. at 2.)  On December 7, 2018, defendant filed the pending motion to

16   dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 4.)

17   Plaintiffs filed an opposition on January 29, 2019.  (ECF No. 8.)  Defendant filed a reply and

18   request for judicial notice on February 5, 2019.  (ECF Nos. 9 & 10.)  The undersigned took

19   defendant's motion to dismiss under submission on February 11, 2019.  (ECF No. 11.)

20                                                  **STANDARD**

21   **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

22           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

23   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

24   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

25   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

26   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

27   _____

28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

                                                        2

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

Defendant's motion to dismiss argues that plaintiffs "have made a fatal error" in drafting their complaint. (Def.'s MTD (ECF No. 4) at 6.) In this regard, defendant argues:

3

> . . . Plaintiffs' entire Complaint is focused on the allegation that PNC attempted to wrongfully collect and foreclose on the allegedly "charged-off" [loan]. However, this is simply not true. As is evident by a basic reading of the Complaint and accompanying exhibits, Plaintiffs have referenced a notice of default and foreclosure proceedings related to an entirely different loan in the original amount of $180,000.

(Id.)

In their opposition, plaintiffs concede that they "attached the wrong Notice of Default" to their complaint. (Pls.' Opp.'n (ECF No. 8) at 9.) In this regard, the Notice of Default attached to plaintiffs' complaint concerns a loan for $180,000. (Compl. (ECF No. 1) at 41.) "Plaintiffs respectfully request leave to amend their Verified Complaint to delete any reference to the inaccurate Notice of Default[.]" (Pls.'s Opp.'n (ECF No. 8) at 9.)

Leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, ("Rule"). Rule 15 "is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Moreover, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

4

1    Here, it does not appear that plaintiffs are seeking leave to amend in bad faith, nor would

2    grating plaintiffs leave to amend prejudice defendant or produce an undue delay in the litigation.

3    Moreover, the undersigned cannot yet say that it appears beyond doubt that leave to amend would

4    be futile.  Defendant's motion to dismiss will, therefore, be granted and plaintiffs will be granted

5    leave to file an amended complaint.

6                                    **SUBJECT MATTER JURISDICTION**

7           The parties argue in their briefing whether the court would retain diversity jurisdiction

8    over this action after plaintiffs file their amended complaint.  Plaintiffs argue that "the Subject

9    Loan in question is for the total sum of $42,000," and, therefore, the complaint would not be

10   seeking damages greater than $75,000.  (Pls.' Opp.'n (ECF No. 8) at 10.)  Defendant argues that

11   the amount in controversy is measured by the value of plaintiffs' property which exceeds

12   $75,000.  (Def.'s Reply (ECF No. 9) at 7.)

13          This dispute is premature as there is no complaint before the court for the undersigned to

14   analyze.  The parties, however, are advised of the following.  It is well established that the

15   statutes governing removal jurisdiction must be "strictly construed against removal."  Libhart v.

16   Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp.

17   v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28,

18   32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir.

19   2009).

20          "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

21   first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of

22   establishing federal jurisdiction falls on the party invoking removal.'"  Harris v. Provident Life &

23   Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790

24   F.2d 769, 771 (9th Cir. 1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087.

25   Where the district court lacks subject matter jurisdiction over a removed case, "the case shall be

26   remanded."  28 U.S.C. § 1447(c).

27          Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

28   the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

                                                        5

1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between

////

6

the parties-each defendant must be a citizen of a different state from each plaintiff." In re

Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

"'In actions seeking declaratory or injunctive relief, it is well established that the amount

in controversy is measured by the value of the object of the litigation.'" Cohn v. Petsmart, Inc.,

281 F.3d 837, 840 (9th Cir. 2002) (quoting Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S.

333, 347 (1977)). "When a plaintiff seeks to quiet title to a property or permanently enjoin

foreclosure, the object of the litigation is the ownership of the property." Corral v. Select

Portfolio Servicing, Inc., 878 F.3d 770, 776 (9th Cir. 2017). However, "when the plaintiff seeks

only a temporary injunction pending review of a loan modification application" the party seeking

to establish diversity jurisdiction must "demonstrate that the amount in controversy requirement

is satisfied using other measures, such as the transactional costs to the lender of delaying

foreclosure or a fair rental value of the property during the pendency of the injunction." (Id.)

## LEAVE TO AMEND

Plaintiffs are cautioned that if plaintiffs elect to file an amended complaint "the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can

provide the complaint's framework, they must be supported by factual allegations." Id. at 679.

Those facts must be sufficient to push the claims "across the line from conceivable to

plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make

an amended complaint complete. Local Rule 220 requires that any amended complaint be

complete in itself without reference to prior pleadings. The amended complaint will supersede

the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended

complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in

the caption and identified in the body of the complaint, and each claim and the involvement of

each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect

////

7

to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 7, 2018 motion to dismiss (ECF No. 4) is granted.

2. The complaint filed September 12, 2018 (ECF No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: May 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\howell3113.mtd.lta.ord

---

[2] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

8